UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT L. JACOBE | CIVIL ACTION NO. 19-1564 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ROBERTO GONZALEZ, AMERICAN TRUCKING & TRANSPORTATIONINSURANCE CO. RISK RETENTION GROUP, AND MVT SERVICES LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment (Record Document 21) filed by Defendants Roberto Gonzalez, MVT Services, LLC d/b/a Mesilla Valley Transportation, and American Trucking and Transportation Insurance Company, RRG ("the Defendants"). The Defendants move for summary judgment on the issue of medical causation as it relates to Plaintiff Robert L. Jacobe's ("Plaintiff") June 2019 heart attack. Plaintiff opposes the Motion. See Record Document 23. For the following reasons, the Motion is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant suit on September 24, 2019, in the First Judicial District Court for the Parish of Caddo alleging damages stemming from a vehicle accident that occurred on October 30, 2018. The initial damages identified from the accident in Plaintiff's complaint, i.e., numerous spinal and shoulder injuries, are not at issue here. Rather, on or about November 14, 2019, Plaintiff's counsel informed the Defendants that Plaintiff had suffered a heart attack and alleged the attack stemmed from the October

1

2018 accident. The Defendants then removed this case to this Court on December 6, 2019.

Plaintiff was deposed on June 3, 2020, during which he stated "[h]ad I not had that accident, had I been able to continue to work out, had I maintained my diet[,] would I have had that heart attack on June 15th? I don't think so." Record Document 21-3 at 82. Plaintiff now requests damages for the injuries suffered from his heart attack. The Defendants filed the instant Motion for Partial Summary Judgment arguing there is not, and Plaintiff cannot prove, medical causation between the accident and the heart attack.

The Defendants assert that expert medical testimony is required to establish causation for Plaintiff's heart attack. They further contend that since the deadline for acquiring medical experts has passed, Plaintiff cannot meet his burden and therefore this issue must be dismissed. Finally, the Defendants aver there exists no dispute of material fact as to whether the accident caused Plaintiff's heart attack because his treating physician foreclosed any such argument when he stated in his deposition that the attack could not have been caused by the accident.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

Federal Rule of Civil Procedure 56(a) provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings. . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (U.S. 1986) (internal quotations and citations omitted). To satisfy this burden, the moving party may either "submit evidentiary documents that negate the existence of some material element of the non-moving party's claim, or, if the crucial issue is one upon which the non-moving party will bear the burden of proof at trial, merely point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the non-moving party's claim." Id. at 325, 106 S.Ct. at 2552. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment." Fed. Rule Civ. P. 56(e)(3).

If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See Celotex, 477 U.S. at 325, 106 S. Ct. at 2554; see also Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d at 1075.

## II. Analysis

Plaintiff argues this Court should deny the Defendants' Motion because the issue of causation as to his heart attack is one to be determined by the jury. See Record Document 23 at 9. Plaintiff is correct in that Louisiana law clearly states that causation is a question of fact to be answered at trial. See Estate of Adams v. Home Health Care of Louisiana, 2000-2494 p. 1 (La. 12/18/00), 775 So.2d 1064. However, Plaintiff has essentially made the issue of causation undeterminable because he did not provide any evidence pertaining to the cause of his heart attack aside from his own lay testimony.

Under Louisiana law, a plaintiff must prove each element of his tort action by a preponderance of the evidence. See Henry v. O'Charley's Inc., 2013 WL 786417, at *6 (W.D. La. 03/01/13). Presently, plaintiff must prove there exists medical causation between the accident and his heart attack. The Louisiana Supreme Court has presumed causation if "(1) before the accident, the plaintiff was in good health, but (2) subsequent to the accident, the symptoms of the disabling condition appeared and (3) those symptoms continuously manifested themselves afterward, providing that the evidence establishes a reasonable possibility of causal connection between the accident and the disabling condition." Id. (quoting Housley v. Cerise, 579 So.2d 973, 980 (La. 1991)). However, Plaintiff in this case has a history of coronary artery disease which required two stents in 2014 and prescriptions for six different medications to treat and monitor the condition. See Record Document 21-3 at 79; see also Record Document 21-4. Because Plaintiff was in poor heart health prior to the accident, the Court will not presume causation between the accident and the heart attack. Instead, Plaintiff must prove it is more probable than not that the heart attack was caused by the vehicle accident.

When medical causation cannot be presumed and a finding of causation "is not one within common knowledge," expert medical testimony is required. Lassiegne v. Taco Bell Corp., 202 F.Supp.2d 512, 524 (E.D. La. 2002) (citing Pfiffner v. Correa, 94-0882 (La. 10/17/94); 634 So.2d 1288, 1234)). The Court agrees with the Defendants that a medical event such as a heart attack is beyond the common knowledge of a lay person and requires expert testimony. The Defendants provide testimony from Dr. James Smith, treating physician for Plaintiff's 2019 attack, who stated that he found it "not likely" that the accident was the cause of Plaintiff's heart attack. Record Document 21-4 at 32. Yet, Plaintiff has not even offered the name of a medical expert to opine on and support a claim of medical causation. All Plaintiff has offered to fulfill his burden of proof are his deposition statements explaining "[h]ad I not had that accident, had I been able to continue to work out, had I maintained my diet[,] would I have had that heart attack on June 15th? I don't think so." Record Document 21-3 at 82. What's more, because the deadline has passed to present experts and expert testimony, Plaintiff will not be offering any expert evidence to counter the Defendants' argument negating causation.

Plaintiff is not able to meet his burden of proving the medical causation between the accident and his heart attack, and, as result, the Defendants' Motion for Partial Summary Judgment is **GRANTED**.

## CONCLUSION

Based on the foregoing reasons,

The Motion for Partial Summary Judgment (Record Document 21) is **GRANTED**.

Any claims for damages stemming from the Plaintiff's heart attack are hereby **DISMISSED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of May, 2021.

_/S. Maurice Hicks/_
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT